NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA, *Appellee,*

*v.*

MARCEL NAPELEON COUTURE, *Appellant.*

No. 1 CA-CR 15-0050
FILED 3-24-16

Appeal from the Superior Court in Maricopa County
No. CR2012-006988-001
The Honorable Robert L. Gottsfield, Judge, Retired

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By W. Scott Simon
*Counsel for Appellee*

Law Office of Patricia Hubbard, Phoenix
By Patricia A. Hubbard
*Counsel for Appellant*

---

**MEMORANDUM DECISION**

Presiding Judge Diane M. Johnsen delivered the decision of the Court, in which Judge Patricia A. Orozco and Judge Kenton D. Jones joined.

---

J O H N S E N, Judge:

¶1          Marcel Couture appeals his convictions and resulting sentences for three counts of possession of narcotic drugs for sale, each a Class 2 felony; three counts of possession of dangerous drugs for sale, each a Class 2 felony; and two counts of misconduct involving weapons, each a Class 4 felony.  For the following reasons, we affirm.

**FACTS AND PROCEDURAL BACKGROUND**

¶2          In the course of an investigation, police obtained a warrant authorizing search of a residence; a white BMW; an unnamed person and two other persons identified by name, one of them Couture.[1]  After the warrant was issued but before it was executed, an officer saw Couture leave the residence in a white BMW.  Another officer followed Couture for about a quarter of a mile and then pulled him over.  Shortly thereafter, a detective arrived and searched Couture and his vehicle.  Officers then returned Couture to the residence, where officers found heroin, methamphetamine, other controlled substances and a handgun.  At the police station later, Couture admitted he sold drugs.

¶3          After a jury convicted Couture of the charges identified above, the court granted Couture's request to file a delayed appeal.  We have jurisdiction pursuant to Article 6, Section 9, of the Arizona Constitution, and Arizona Revised Statutes sections 12-120.21(A)(1) (2016), 13-4031 (2016) and -4033(A)(1) (2016).[2]

---

[1]     We view the evidence and draw all reasonable inferences from the evidence in the light most favorable to sustaining the jury's verdicts.  *State v. Miles*, 211 Ariz. 475, 476, ¶ 2 (App. 2005).

[2]     Absent material revision after the date of an alleged offense, we cite a statute's current version.

## DISCUSSION

**¶4** Couture argues officers violated his Fourth Amendment rights when they stopped his car, and contends his subsequent statements to police therefore were improperly admitted. Couture did not file a motion to suppress, nor did he raise any objection to the propriety of the search in the superior court. We review suppression arguments raised for the first time on appeal for fundamental error. *State v. Newell*, 212 Ariz. 389, 398, ¶ 34 (2006). Fundamental error "goes to the foundation of [the defendant's] case, takes away a right that is essential to his defense, and is of such magnitude that he could not have received a fair trial." *State v. Henderson*, 210 Ariz. 561, 568, ¶ 24 (2005). To warrant reversal, Couture must show fundamental error occurred and that the error caused him prejudice. *Id.* at ¶ 26.

**¶5** Couture contends his detention was unlawful pursuant to *Bailey v. United States*, 133 S. Ct. 1031 (2013). Under *Bailey*, once someone has left the immediate vicinity of premises for which a search warrant has been issued, it becomes unreasonable to detain that person incident to the execution of the warrant. *Id.* at 1042-43. The State argues *Bailey* is inapposite because officers had a warrant authorizing them to search Couture. We agree. *Bailey* involved a warrantless search of an individual; in this instance, officers had a search warrant for Couture and his vehicle. *See id.* at 1036. Moreover, on appeal, Couture does not challenge the validity of the warrant. "A reviewing court must presume a search warrant is valid; it is the defendant's burden to prove otherwise." *State v. Crowley*, 202 Ariz. 80, 83, ¶ 7 (App. 2002). Because officers had a valid search warrant for Couture and his vehicle, the detention was not unlawful. Accordingly, Couture has failed to show the superior court erred.

**CONCLUSION**

**¶6** For the foregoing reasons, we affirm Couture's convictions and resulting sentences.



Ruth A. Willingham · Clerk of the Court
FILED: jt